1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10 | GERONIMO SOLIS,                                    Case No. 1:13-cv-01421-SKO (PC)

11 |          Plaintiff,                               FIRST SCREENING ORDER DISMISSING
                                                       TITLE 15 CLAIM, WITH PREJUDICE, AND
12 |     v.                                            DISMISSING EIGHTH AMENDMENT AND
                                                       NEGLIGENCE CLAIMS, WITH LEAVE TO
13 | MARIA COPE,                                       AMEND, FOR FAILURE TO STATE A
                                                       CLAIM
14 |          Defendant.

15 |                                                   (Doc. 1)

16 | _____/         THIRTY-DAY DEADLINE

17

### First Screening Order

18

**I.      Screening Requirement and Standard**

19

20           Plaintiff Geronimo Solis, a state prisoner proceeding pro se and in forma pauperis, filed

this civil rights action pursuant to 42 U.S.C. § 1983 on September 5, 2013.

21

22           The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

23

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

24

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that

25

seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),

26

(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

27

28

1  shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to

2  state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3        A complaint must contain "a short and plain statement of the claim showing that the

4  pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

5  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6  conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937

7  (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and

8  courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572

9  F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual

10  allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

11        Under section 1983, Plaintiff must demonstrate that each defendant personally participated

12  in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This

13  requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*,

14  556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners

15  proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and

16  to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)

17  (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the

18  plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

19  **II.**   **Discussion**

20        **A.**   **Plaintiff's Allegations**

21        Plaintiff, who is currently incarcerated at Centinela State Prison in Imperial, California,

22  brings this action against Maria Cope, a registered nurse employed by the California Department

23  of Corrections and Rehabilitation.[1] Plaintiff alleges that on November 11, 2011, he submitted a

24  request for medical care because he was experiencing nausea and vomiting. Plaintiff had

25

26  ───────────────

27  [1] It is not clear where the events occurred. Plaintiff was incarcerated at California Correctional Institution in Tehachapi, California when he filed suit, and the appeal log number identified in the complaint is SCC SC 12000087, which suggests the events may have occurred at Sierra Conservation Center in Jamestown, California. A claim arising

28  from events at either prison is proper here. Local Rule 120(d).

1  previously complained about the same thing and was told by medical staff to submit a request
2  form if the symptoms did not abate.

3       Plaintiff was seen by Defendant Cope on November 15, 2011.  Defendant told Plaintiff he
4  was not sick but was an addict seeking drugs.  Defendant told Plaintiff he was going through
5  heroin withdrawal and needed more dope to get well.  Defendant noted in Plaintiff's chart that he
6  was moving slowly and was "thin/fragile," but she did not note her stated opinion that Plaintiff
7  was a drug addict seeking drugs.  (Comp., p. 3.)

8       The next day, Plaintiff was found unconscious on the floor of his cell.  Plaintiff was
9  transported to San Joaquin General Hospital, where he was diagnosed with diabetes based on his
10  high blood sugar, high serum pH, and other abnormal results.

11       In March 2012, Plaintiff encountered Defendant again, while he was being treated for his
12  diabetes.  Defendant asked what Plaintiff was doing getting a snack, and another nurse told her
13  that Plaintiff always "goes low" and needs a snack.  (*Id.*)  Defendant said, "He is a manipulative
14  piece of shit and I wish he would hurry up and die." (*Id.*, pp. 3-4.)  Defendant laughed and walked
15  away.

16       Based on these events, Plaintiff alleges a violation of his rights under the Eighth
17  Amendment and he alleges a violation of California Code of Regulations, Title 15, § 3350, et seq.
18  Plaintiff's second identified legal claim also includes allegations suggestive of negligence and the
19  Court will address that claim as well.  (*Id.*, p. 5.)

20       **B.**     **<u>Eighth Amendment Medical Care Claim</u>**

21       While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical
22  care, the Eighth Amendment is violated only when a prison official acts with deliberate
23  indifference to an inmate's serious medical needs.  *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir.
24  2012) ), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir.
25  2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091,
26  1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that
27  failure to treat [his] condition could result in further significant injury or the unnecessary and
28  wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately

indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

Plaintiff's allegations do not support a claim against Defendant Cope for violation of the Eighth Amendment. With respect to Plaintiff's first described encounter, his allegations do not show that Defendant Cope knowing disregarded a serious risk of harm to Plaintiff's health, causing him harm. Although Defendant was incorrect in her assessment of Plaintiff's medical condition, her error does not support a claim under the Eighth Amendment. *Snow*, 681 F.3d at 985; *Wilhelm*, 680 F.3d at 1122. With respect to the second described encounter, neither rudeness nor meanness is a constitutional violation. *Snow*, 681 F.3d at 985; *Wilhelm*, 680 F.3d at 1122; *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).

Finally, although Plaintiff alleges that he first complained on October 30, 2011, of the symptoms which were later determined on November 16, 2011, to be related to the diabetic ketoacidosis, renal failure, diabetes mellitus, and pneumomediastinum, there are no facts alleged linking any staff member to the knowing disregard of Plaintiff's medical condition. (Comp., p. 4.)

**C.**   **State Law Claims**

**1.**   **Violation of Title 15 Regulations**

The Court is unaware of any authority for the proposition that there exists a private right of action available to Plaintiff for violation of Title 15 regulations, and there exist ample district court decisions holding to the contrary. *E.g.*, *Vasquez v. Tate*, No. 1:10-cv-1876 JLT (PC), 2012 WL 6738167, at *9 (E. D. Cal. Dec. 28, 2012); *Davis v. Powell*, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012); *Meredith v. Overley*, No. 1:12-cv-00455-MJS (PC), 2012 WL 3764029, at *4 (E.D. Cal. Aug. 29, 2012); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *8 (S.D.Cal. Nov. 13, 2009); *Davis v. Kissinger*, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, at *12

n.4 (E.D.Cal. Feb. 3, 2009), *adopted in full*, 2009 WL 647350 (Mar. 10, 2009).   Therefore, Plaintiff's Title 15 claim shall be dismissed, with prejudice, for failure to state a claim.

### 2.   <u>Negligence</u>

To the extent Plaintiff is attempting to pursue a claim under California law for negligence, the Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.[1]   Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2011).   Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.   *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208-09 (Cal. 2007); *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004); *Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir. 2001); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).   To state a tort claim against a public employee, a plaintiff must allege compliance with the Government Claims Act.   *Shirk*, 42 Cal.4th at 209; *Bodde*, 32 Cal.4th at 1239; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff alleges he filed an inmate appeal but he does not allege he complied with the Government Claims Act.   Therefore, Plaintiff fails to state a claim.

In addition, "[u]nder California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'"   *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (quoting *McGarry v. Sax*, 158 Cal.App.4th 983, 994, 70 Cal.Rptr.3d 519 (2008) (internal quotations omitted)). Plaintiff's allegations do not support a claim that Defendant breached a duty owed to Plaintiff, causing him injury.   Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

///

---

[1] Formerly known as the California Tort Claims Act.   *City of Stockton v. Superior Court*, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

III.    **Conclusion and Order**

Plaintiff's claim for violation of Title 15 fails as a matter of law and shall be dismissed. Plaintiff also fails to state a claim for violation of the Eighth Amendment or for negligence under California law.  The Court will provide Plaintiff with an opportunity to file an amended complaint as to those claims.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff is placed on notice that if he fails to state a claim for violation of the Eighth Amendment, the Court will not exercise supplemental jurisdiction over his state law claim, even if he cures the identified deficiencies.  28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights; liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's claim for violation of Title 15 prison regulations is dismissed, with prejudice;

2.      Plaintiff's remaining Eighth Amendment and state law negligence claims are dismissed, with leave to amend, for failure to state a claim;

3.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

4.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

1        5.     If Plaintiff fails to file an amended complaint in compliance with this order, this

2    action will be dismissed, with prejudice, for failure to state a claim.

3

4

     IT IS SO ORDERED.

5

6        Dated:   __**May 20, 2014**__               _____**/s/ Sheila K. Oberto**

7                                           UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28